## Case No. 11,987.

### In re ROCKWELL et al.

[4 N. B. R. 243 (Quarto, 74).] [1]

District Court, E. D. New York. Oct. 14, 1870.

BANKRUPTCY—DISCHARGE—ASSETS—FIFTY PER CENT.

1. Where an application for a discharge had been made prior to July 14th, 1870, and a reference ordered to a register in bankruptcy to take necessary proofs and ascertain if the assets were not equal to fifty per cent. of the claims proved against the estate of the bankrupt, upon which he was liable as principal debtor, the register not having made his report thereon until after the amendment to the bankrupt act [16 Stat. 276], approved July 14th, 1870, the bankrupt filed a supplemental petition referring to the amendment of July 14th, 1870, and the court modified its original order of reference, and directed the register, in addition to the requirements of the first order, to determine and report whether the assets were equivalent to fifty per cent. of the debts and liabilities contracted after January 1st, 1869.

2. Upon the report of the register to the effect that he had examined the several papers before him (including a consent to the bankrupt's discharge). that the proofs appeared satisfactory; and there being no opposing interest. that the assets of the bankrupt were equal to fifty per cent. of claims proved on account of debts and liabilities contracted subsequent to January 1st, 1869, upon which he was liable as principal debtor. that the assent in number and value of creditors who had proved their claims on debts contracted subsequent to January 1st, 1869, had not been filed. and that under the amendments to the bankrupt act, approved July 27th, 1868 [15 Stat. 227]. and July 14th. 1870 [16 Stat. 276]. the bankrupt was entitled to his discharge. Discharge granted by the court.

The petition and application of the above named H. Lewis Woodruff for a discharge

[1] [Reprinted by permission.]

from his debts, having on the 11th day of March, 1870, come on to be heard, and it being alleged in behalf of said bankrupt, that due notice to his creditors has been given as required by law; and it appearing that the proceedings in this case were commenced after the 1st day of January, 1869: On motion of Mr. J. Benedict on behalf of said bankrupt, it is ordered that it be, and it is hereby referred to William H. Comstock, Esq., one of the registers in bankruptcy of this judicial district, to take the necessary proofs, and to ascertain and report to this court, with all convenient speed, whether the assets of the said bankrupt were or were not equal to fifty per cent. of the claims proved against the estate of the said bankrupt, upon which he is liable as the principal debtor, and which claims had been proved prior to the making of this order; and whether the assent in writing of a majority in number and value of the creditors of said bankrupt, to whom he had become liable as the principal debtor, and who had proved their claims, had been filed in this case before the time of the said hearing of the application for such discharge on the said 11th day of March, 1870, above mentioned, as required by the amendment to the bankruptcy act [15 Stat. 227], approved July 27th, 1868; and also, whether the said bankrupt has in all things conformed to his duty under the bankruptcy act of the United States and the amendments thereof, and is entitled, under the provisions thereof, to receive a discharge. And. it is further ordered, that the assignee of any creditor of said bankrupt, as well as the said bankrupt, may appear and produce proofs, and examine and cross-examine witnesses upon the said reference, and that the proceedings and report of the said register, in pursuance of this order, shall stand confirmed and be conclusive upon the questions hereby referred, unless the same shall be excepted to within the time and in the manner required by the rules and practice of this court.      N. K. Hall.

The petition of H. L. Woodruff, of the city of Utica, county of Oneida, and state of New York, respectfully showeth: That he. has already filed his petition to this court for his final discharge from his debts, in pursuance of the bankrupt act; and that prior to the 14th of July, 1870, an order was made by this court referring the matter to William H. Comstock, Esq., a register in bankruptcy, residing in Oneida county, to ascertain whether the assets of the late firm of James Rockwell & Co., of which he was a member, were equivalent to fifty per cent. of the debts and liabilities of said firm; but that since said order was granted, to wit: on the said 14th day of July, 1870, congress amended said act so as to require the fifty per cent. clause to apply only to those debts which were contracted since the 1st day of January, 1869, and not to those debts that

were contracted prior to that time. Your petitioner, therefore, prays that this court will grant an order amending said last mentioned order, so that the inquiry before the said register shall apply only to those debts contracted since the 1st day of January, 1869, instead of those prior to that time, and for such relief as this court may deem proper to grant.

H. Lewis Woodruff, Petitioner.
Dated Utica, August 27th, 1870.

United States of America. Northern District of New York. ss.: I, H. Lewis Woodruff, the petitioning debtor mentioned and described in the foregoing petition, do hereby make solemn oath that the statements contained therein are true according to the best of my knowledge, information, and belief; that I am a citizen of the United States of America, and that I will bear true faith and allegiance to the same.

H. Lewis Woodruff, Petitioner.

Subscribed and sworn to before me, this 29th day of August, 1870.
J. E. L. Hamilton, Notary Public, Oneida County, New York.

At the District Court of the United States for the Northern District of New York, on the 30th day of August, 1870. Present, Hon. Nathan K. Hall, Judge.

On reading and filing the petition of H. Lewis Woodruff, and on motion of Mr. J. Benedict, attorney for petitioner, it is ordered, that the order heretofore made in this matter, dated April 7th, 1870, be so far modified that the said register shall, in addition to what is required by said order, take proofs, determine, and report whether the assets of the late firm of James Rockwell & Co. are equivalent to fifty per cent. of their debts and liabilities contracted after the 1st day of January, 1869, in pursuance of an amendment of the act, entitled "An act establishing an uniform system of bankruptcy throughout the United States, approved July 14th, 1870" [16 Stat. 276], and make his report with all convenient speed. N. K. Hall.

At Utica, in said district, on the 3d day of October, 1870, before William H. Comstock, register in bankruptcy, to whom this matter was referred.

To the Hon. Nathan K. Hall, District Judge —Sir: In pursuance of orders, copies of which are hereto annexed, I proceeded to take the necessary proofs in this matter. I have carefully examined all the papers filed in my office in this matter, and also the affidavit of bankrupt before discharge; the certificate of register; affidavit of assignee; consent of creditors that discharge be granted to said bankrupt; proof of publication of notice to show cause why a discharge should not be granted, and clerk's certificate of serving notices of application for a discharge; which papers are on file in the United States district clerk's office for this district, at Buffalo, New York. These proofs before me being satisfactory to me, and there appearing no opposing interest: Wherefore I find that the assets of said bankrupt were equal to fifty per cent. of the claims proved against the estate of the said bankrupt, on account of debts and liabilities contracted on and after January 1st, 1869, upon which he was liable as principal debtor, and which claims had been proved prior to the making of said order, and that the assent in writing of a majority in number and value of the creditors of said bankrupt, to whom he had become liable as the principal debtor, on and after the 1st day of January, 1869, and who had proved their claims, had not been filed in this case before the time of the said hearing of the application for such discharge, on the 11th day of March, A. D. 1870, as required by the amendments of the bankrupt act [15 Stat. 227], approved July 27th, 1868, and July 14th, 1870 [16 Stat. 276], and that the said bankrupt has in all things conformed to his duty under the bankruptcy act of the United States, and the amendments thereof, and is entitled under the provisions thereof to receive his discharge.

W. H. Comstock, Register in Bankruptcy.

At Buffalo, in said district, on this 14th day of October, 1870:

This case having heretofore, to wit, on the 15th day of February, 1870, come on to be heard upon the petition and application of the said bankrupt for a discharge from all his debts; and upon the order heretofore made thereon, that all creditors who had proved their debts, and all persons in interest, might appear on the day last mentioned, at 10 o'clock in the forenoon, and show cause, if any they had, why the prayer of the said petition should not be granted; and it now appearing that notice of such order has been given as required by law and the practice of the court; and that the said bankrupt has in all things conformed to his duty under the act of the congress of the United States [14 Stat. 517], entitled, "An act to establish a uniform system of bankruptcy throughout the United States," approved March 2d, 1867, and is entitled, under the provisions thereof, to receive a discharge, it is hereby ordered, adjudged, and decreed, that this court do grant, and it hereby does adjudge, decree, and grant to the said H. Lewis Woodruff, individually, and as a member of the late firm of Rockwell & Woodruff, the said bankrupt, a discharge from all his debts, except as in said act provided. And it is further ordered, adjudged, and decreed, that a certificate of such discharge, under the seal of this court (attested by the clerk thereof), in the words and figures following, viz.:

"Whereas, H. Lewis Woodruff, of the city of Utica, in the county of Oneida, and state of New York, has been duly adjudged a bankrupt under the act of congress establishing a

uniform system of bankruptcy throughout the United States, and appears to have conformed to all the requirements of law in that behalf, it is therefore ordered by the court, that said H. Lewis Woodruff, individually and as a member of the late firm of Rockwell & Woodruff, be forever discharged from all debts and claims, which by said act are made provable against his estate, and which existed on the 29th day of May, 1869, on which day the petition for adjudication was filed against him, excepting such debts, if any, as are by said act excepted from the operation of a discharge in bankruptcy.

"Given under my hand and seal of the court, at Buffalo, in the said district, this 14th day of October, A. D. 1870.

"(L. S.)                    N. K. Hall, Judge.

"Attest: M. P. Fillmore, Clerk."

—Be immediately signed by the judge of this court, and given to the said bankrupt. And thereupon the certificate of the discharge of the said bankrupt, under the seal of this court, attested as aforesaid, and in the words and figures aforesaid, was duly signed by the said judge, and given to the said bankrupt on the day and year in the caption of this order and decree above mentioned.

In testimony whereof, and of the proceedings in this matter, on the same day and year, and at the place mentioned in the caption hereof, the record thereof is duly signed by the clerk of the said court.

M. P. Fillmore, Clerk.